IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ERICA MARIE ERICKSON, Plaintiff, v. LOURDES GOMEZ-TORRES[1], et al., Defendants. | CIVIL NO. 24-1389 (CVR) |

**OPINION AND ORDER**

**INTRODUCTION**

Plaintiff Erica Marie Erickson ("Plaintiff") brought this case against several state officials and several private parties from facts surrounding several news reports and an eventual Police raid that took place in her home and animal rescue business in August and September 2023. Co-Defendant Liberman Media Group (referred to in the Complaint as "TeleOnce")[2] was sued for civil conspiracy under 42 U.S.C. § 1983, as well as defamation and tort under P.R. Laws Ann. tit. 31, § 10805 and P.R. Laws Ann. tit. 32, §§ 3141-49, for the aired broadcasts. (Docket No. 1).

Before the Court is TeleOnce's "Motion to Dismiss Plaintiff's Complaint" in which it moves the Court to dismiss all the claims asserted against it. (Docket No. 51). Also pending is Plaintiff's Opposition in which she opposes the arguments for dismissal on the

---

[1] Former Secretary of Justice Domingo Emanuelli-Hernández was originally included as a defendant in this case. Pursuant to Fed.R.Civ.P. 25(d), he has been substituted automatically for the current Secretary of Justice, Lourdes Gómez-Torres.
[2] In its first responsive pleading, Liberman Media Group explained that Plaintiff's Complaint asserts claims against TeleOnce, but TeleOnce is merely a television station licensed in Puerto Rico owned by Liberman Media Group. Therefore, although said Defendant refers to itself as "TeleOnce" in its pleadings, it clarified that Liberman Media Group is the proper party in the case. (Docket No. 51, p. 2).

merits, but agrees to the dismissal of Count Seven (conspiracy) without prejudice. (Docket No. 66). Before the Court also is TeleOnce's Reply thereto. (Docket No. 79). The undersigned referred TeleOnce's Motion to Dismiss to Magistrate Judge Mariana Bauzá-Almonte ("Magistrate Judge Bauzá-Almonte") for a Report and Recommendation ("R&R"). (Docket No. 86).

Magistrate Judge Bauzá-Almonte recommended in her R&R that TeleOnce's Motion to Dismiss be GRANTED IN PART AND DENIED IN PART (Docket No. 108) as follows: the conspiracy count be dismissed with prejudice, given Plaintiff's admission that she lacks specific factual allegations to support this claim; and, as to the defamation cause of action regarding the different reports TeleOnce aired, the Fair and True Reporting privilege was applicable to the reports aired on September 1, 2023, but not to the August 22, 2023 broadcast (for the program titled "Garras del Maltrato") or to the subsequent August 23, 2023 broadcast.

## ANALYSIS

The Court may refer dispositive motions to a Magistrate Judge for an R&R. See 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Within fourteen days of receiving a copy of the R&R, "a party may serve and file specific written objections to the proposed findings and recommendations." Id.

No timely objections were filed to the Magistrate Judge's R&R.[3] Absent objections, the Court reviews a Magistrate Judge's Report and Recommendation under the "plain error" standard. Torres Negrón v. United States, 18 F.Supp.3d 89 (D.P.R. 2014).

---

[3] The R&R clearly stated that: "Any objections to the same must be specific and must be filed with the Clerk of Court within **ten** days of its receipt." (emphasis in original) (Docket No. 108, p. 12). As a matter of fact, the "ten" days was in BOLD. Moreover, the docket entry when the R&R was issued indicates in RED:

Case 3:24-cv-01389-CVR-MBA     Document 130     Filed 09/24/25     Page 3 of 3

Erica Marie Erickson v. Lourdes Gómez-Torres, et al.
Opinion and Order
Civil 24-1389 (CVR)
Page 3
_____

After such a review of the record, the Court finds Magistrate Judge Bauzá-Almonte's Report and Recommendation to be well-reasoned and hereby ADOPTS it in its entirety. See Roy v. Hanks, Civil No. 22-1302, 2023 WL 3166353, at *1 (1st Cir. Mar. 6, 2023) ("Only those issues fairly raised by . . . objections to the magistrate's report are subject to review in the district court . . . ."); United States v. Maldonado-Peña, 4 F.4th 1, 20 (1st Cir. 2021) ("[W]hen, as here, a party fails to file an objection to an R&R, the party has waived any [appellate] review of the district court's decision.") (citing United States v. Díaz-Rosado, 857 F.3d 89, 94 (1st Cir. 2017)).

## CONCLUSION

In view of the foregoing, TeleOnce's "Motion to Dismiss Plaintiff's Complaint" (Docket No. 51) is GRANTED IN PART AND DENIED IN PART as follows: the defamation claim related to TeleOnce's broadcasts aired on September 1, 2023, as well as Count Seven of the Complaint (for conspiracy) are DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

In San Juan, Puerto Rico, on this 24th day of September, 2025.

S/CAMILLE L. VELEZ-RIVE<br>
CAMILLE L. VELEZ RIVE<br>
UNITED STATES DISTRICT JUDGE

---

"Objections to R&R due by 9/19/2025." (Docket No. 108). In clear disregard of this directive, Plaintiff chose to her own detriment to untimely file an objection to the R&R. (Docket No. 127). Since the objection is untimely, it is disregarded by the Court.