IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ERICA MARIE ERICKSON,

Plaintiff,

v.

LOURDES GOMEZ-TORRES, et al.,

Defendants.

CIVIL NO. 24-1389 (CVR)

**OPINION AND ORDER**

**INTRODUCTION**

Plaintiff Erica Marie Erickson ("Plaintiff" or "Erickson") brought this case against co-codefendants former Secretary of Justice Domingo Emmanuelli-Hernández [1] ("Emmanuelli") and former Commissioner of the Puerto Rico Police Bureau Antonio López- Figueroa [2] ("López"), both in their official and personal capacities. Also named as defendants are Assistant District Attorney of the Judicial District of Mayagüez Andrés Fernández Vera ("Fernández"); Puerto Rico Police Department Captain José Figueroa Andújar ("Figueroa"); Puerto Rico Police Department Agent José Rafael Ramos Quiñones ("Ramos"); and Puerto Rico Police Department Sergeant David Cabán Méndez, in their personal capacities (collectively, "Commonwealth co-Defendants") under 42 U.S.C. §§ 1983 and 1988, alleging deprivation of her constitutional rights to privacy, liberty, and

---

[1] Former Secretary of Justice Domingo Emanuelli-Hernández was originally included as a defendant in this case. Pursuant to Fed.R.Civ.P. 25(d), he has been substituted automatically for the current Secretary of Justice, Lourdes Gómez-Torres ("Gómez").
[2] Former Commissioner of the Puerto Rico Police Bureau Antonio López-Figueroa was originally included as a defendant in this case. Pursuant to Fed.R.Civ.P. 25(d), he has been substituted automatically for the current Puerto Rico Police Bureau Joseph González ("González").

property. (Docket No. 1). Plaintiff also brought forth claims for defamation and tort, P.R. Laws Ann. tit. 31, § 10805, and the Libel and Slander Act of 1902, P.R. Laws Ann. tit. 32, §§ 3141-49. (Docket No. 1). In total, Plaintiff raised nine (9) causes of action.

Before the Court is the Commonwealth co-Defendants' "Motion to Dismiss" in which they move the Court to dismiss the claims asserted against them under the following grounds: abstention under Younger v. Harris, 401 U.S. 37 (1971); on Eleventh Amendment immunity grounds; absolute prosecutorial immunity for Fernández and Emmanuelli; lack of standing; and because as state actors, they cannot be held liable for a Fifth Amendment taking. (Docket No. 57). Plaintiff opposed the motion on the merits but agreed to the dismissal of Count Five (malicious prosecution) and Count Seven (conspiracy) without prejudice. (Docket No. 66). The Commonwealth co-Defendants replied. (Docket No. 80). The undersigned referred the Motion to Dismiss to Magistrate Judge Mariana Bauzá-Almonte ("Magistrate Judge Bauzá-Almonte") for a Report and Recommendation ("R&R"). (Docket No. 86).

Magistrate Judge Bauzá-Almonte recommended the Motion to Dismiss be GRANTED IN PART AND DENIED IN PART as follows: the claims for injunctive relief against the official capacity Commonwealth co-Defendants, Gómez and González, be dismissed without prejudice under the Younger abstention doctrine, and the claims for monetary damages against the rest of the Commonwealth co-Defendants in their individual capacities be stayed under Younger because the ongoing state criminal proceeding cannot redress Erickson's monetary claims; as to Eleventh Amendment immunity, Plaintiff only requested injunctive and not monetary relief from official capacity Defendants, so immunity is inapplicable and her claims against Gómez and

González could move forward; Count Five be dismissed without prejudice and Count Seven be dismissed with prejudice, given Plaintiff's acknowledgment that the former was not ripe for adjudication and that she lacked specific factual allegations to support the latter; the request to dismiss the claims due to absolute prosecutorial immunity against Fernández be granted but denied as to Emmanuelli; and the remaining arguments to dismiss be denied. (Docket No. 105).

**ANALYSIS**

The Court may refer dispositive motions to a Magistrate Judge for an R&R. See 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Within fourteen days of receiving a copy of the R&R, "a party may serve and file specific written objections to the proposed findings and recommendations." Id. Upon filing of a timely objection, a party is entitled to a de novo determination of "those portions of the report or specified proposed findings or recommendations to which specific objection is made." Total Petroleum Puerto Rico Corp. v. Fonseca-Marrero, 2018 WL 6131777, at *1 (D.P.R. 2018) (quotation omitted); see also Ponsa-Rabell v. Santander Securities, LLC, 2020 WL 4219685, at *1 (D.P.R. 2022). Thus, the Court reviews de novo portions of an R&R to which a party objects. See 28 U.S.C. § 636(b)(1)(C); see also United States v. J.C.D., 861 F.3d 1, 6 (1st Cir. 2017). When performing this review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(a)(b)(1). Objections must "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for the objection." Local Rule 72(d); see also Fed. R. Civ. P. 72(b)(2).

The Commonwealth co-Defendants presented a limited objection on two (2) distinct grounds, namely, that the Magistrate Judge erred in finding that Eleventh Amendment immunity did not apply to the official capacity Defendants, and erred in finding that former Secretary of Justice Emmanuelli's actions were not protected by absolute prosecutorial immunity. (Docket No. 112). Plaintiff filed an untimely limited objection which the Court will disregard.[3]

The Court agrees with Magistrate Judge Bauzá-Almonte's conclusion that the Younger abstention doctrine applies to this case because adjudicating Plaintiff's claims for injunctive relief would directly interfere with the state court criminal proceedings that are currently in progress. As such, Plaintiff's claim for injunctive relief against the official capacity Commonwealth co-Defendants Gómez and González should be dismissed without prejudice and the claims for monetary relief against the rest of the Commonwealth co-Defendants in their individual capacities should be stayed while the ongoing state court proceeding takes place. As to the Eleventh Amendment immunity issue, the Court also agrees with Magistrate Judge Bauzá-Almonte's finding that, because Plaintiff is suing the official capacity co-Defendants for injunctive relief only and not for monetary damages, they are not immune. It also agrees that Assistant District Attorney Fernández's actions are protected by absolute prosecutorial immunity and should be dismissed.

---

[3] The R&R clearly stated that: "Any objections to the same must be specific and must be filed with the Clerk of Court within **ten** days of its receipt." (emphasis in original) (Docket No. 105, p. 16). As a matter of fact, the "ten" days is in BOLD. Moreover, the docket entry when the R&R was issued indicates in RED: "Objections to R&R due by 9/15/2025." (Docket No. 105). In clear disregard of this directive, Plaintiff chose to her own detriment to untimely file an objection to the R&R. (Docket No. 118). Since the objection is untimely, it is disregarded by the Court. (Docket Nos. 123, 124, 125 and 128).

The Court, however, disagrees with the Magistrate Judge's determination that former Secretary of Justice Emmanuelli's actions are not protected by absolute prosecutorial immunity. According to the Complaint, Emmanuelli is being sued in his individual capacity "for his failure to supervise, correct, or his deliberate indifference to, the unconstitutional practice of retaliatory prosecutions in the judicial district of Mayagüez, . . . for his failure to supervise, correct, or his deliberate indifference to, the PRDoJ's prosecutors' practice to pursue criminal charges based on the uncorroborated investigation of a private actor . . . and for his failure to train the PR-DoJ's prosecutors and staff in the legal practical application of Puerto Rico's law for the welfare and protection of animals." (Docket No. 1 ¶ 8; Docket No. 57 at 18-19). The Magistrate Judge found that "Erickson does not allege that Emmanuelli-Hernández engaged in any traditional prosecutorial duties in her case so that he could be considered as an advocate for the State."

However, the United States Supreme Court in <u>Van De Kamp v. Goldstein</u>, 555 U.S. 335 (2009), found that certain administrative duties such as supervision and failure to adequately train were indeed covered when that function is connected with other official functions. Particularly, it examined a prosecutor's roles considering the <u>Imbler</u> factors[4] and concluded that certain instances, which require legal knowledge and the exercise of related discretion, fall within the immunity realm. The Court finds the allegations raised against former Secretary Emmanuelli in his personal capacity in the present case fall

---

[4] <u>See</u> <u>Imbler v. Patchman,</u> 424 U.S. 150 (1972).

within this protected ambit as well and therefore REJECTS Magistrate Judge Bauzá-Almonte's conclusion that Emmanuelli was not immune from prosecution.

As to the remaining arguments, the Department of Justice failed to object to any of the other findings in Magistrate Judge Bauzá-Almonte's R&R. After a review of the record, the Court finds the remainder of her R&R to be well-reasoned and her recommendations are hereby ADOPTED. See Roy v. Hanks, Civil No. 22-1302, 2023 WL 3166353, at *1 (1st Cir. Mar. 6, 2023) ("Only those issues fairly raised by . . . objections to the magistrate's report are subject to review in the district court . . . ."). United States v. Maldonado-Peña, 4 F.4th 1, 20 (1st Cir. 2021) ("[W]hen, as here, a party fails to file an objection to an R&R, the party has waived any [appellate] review of the district court's decision.") (citing to United States v. Díaz-Rosado, 857 F.3d 89, 94 (1st Cir. 2017)).

Finally, the Court finds that, considering today's ruling that it cannot rule on the dismissed and stayed claims pending the ongoing criminal proceedings before the Commonwealth court, all Defendants will benefit from a stay of this case to avoid piecemeal litigation. See e.g., Puiia v. New Hampshire, Civil No. 12-243-PB, 2012 WL 2923192, at *5 (D.N.H. July 18, 2012) ("this court may not issue any ruling on the merits [of the injunctive relief claim] until the state court proceeding is concluded"); Rodríguez v. Vila, 565 F.Supp.2d 328, 343 (D.P.R. 2008) (finding that abstention under Younger doctrine was appropriate and dismissing the case without prejudice subject to potential return to said court).

## CONCLUSION

After conducting a de novo review of the objected portions of the R&R and finding no error as to the unobjected portions, the Court ADOPTS IN PART and REJECTS IN PART Magistrate Judge Bauzá-Almonte's R&R (Docket No. 105) by adopting all the recommendations except for the one related to former Secretary of Justice Emmanuelli.

Accordingly, the Commonwealth co-Defendants' Motion to Dismiss (Docket No. 57) is GRANTED IN PART and DENIED IN PART, as follows:

1. The request to abstain under Younger is GRANTED.

2. The request to dismiss under Eleventh Amendment is DENIED.

3. The request to dismiss Emmanuelli and Fernández, in their personal capacities, under absolute prosecutorial immunity is GRANTED.

4. The request to dismiss for lack of standing is DENIED.

5. The request to dismiss the due process claim is DENIED.

6. The claim for malicious prosecution (Count 5) is DISMISSED WITHOUT PREJUDICE.

7. The claim for civil conspiracy (Count 7) is DISMISSED WITH PREJUDICE.

This case is hereby STAYED and may be reopened upon motion by any of the parties at the conclusion of the ongoing criminal case before the Commonwealth court.

IT IS SO ORDERED.

In San Juan, Puerto Rico, on this 24th day of September, 2025.

S/CAMILLE L. VELEZ-RIVE
CAMILLE L. VELEZ RIVE
UNITED STATES DISTRICT JUDGE